ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR LETTER REQUESTING AN OPINION ADDRESSING WHETHER A SCHOOL BOARD THAT HIRED A RESIGNED ADMINISTRATOR AS A CONSTRUCTION MANAGER VIOLATED TITLE 70 O.S. 6-101.2 (1991). BECAUSE YOUR REQUEST INVOLVES QUESTIONS OF FACT, THIS OFFICE HAS DETERMINED YOUR QUESTION SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS ARE SOLELY MY OWN AND THEY HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTIONS YOU HAVE RAISED.
TITLE 70 O.S. 6-101.2 (1991) PROVIDES AS FOLLOWS:
 "NO LOCAL BOARD OF EDUCATION OR ADMINISTRATION OF A SCHOOL DISTRICT OR STATE BOARD OF EDUCATION SHALL ENTER INTO A CONTRACT FOR CONSULTANT SERVICES WITH ANY PERSON WHO HAS RETIRED AS AN ADMINISTRATOR WITH ANY SCHOOL DISTRICT FOR TWO (2) YEARS AFTER THE RETIREMENT DATE OF SUCH ADMINISTRATOR. NOTHING IN THIS SECTION SHALL PROHIBIT A BOARD OF EDUCATION FROM EMPLOYING AS A SUBSTITUTE TEACHER, A PERSON WHO HAS RETIRED AS AN ADMINISTRATOR OR TEACHER WITH A SCHOOL DISTRICT WITHIN TWO (2) YEARS AFTER THE RETIREMENT DATE OF THE PERSON. (EMPHASIS ADDED.)"
THE ANALYSIS OF WHETHER A SCHOOL BOARD CONTRACTING WITH AN ADMINISTRATOR AFTER THE DATE OF HIS RESIGNATION VIOLATES 70 O.S. 6-101.2 RAISES TWO QUESTIONS: 1) WHETHER THE CONTRACT IN QUESTION IS FOR CONSULTANT SERVICES, AND 2) WHETHER THE PERSON IN QUESTION HAS RETIRED AS AN ADMINISTRATOR OF THE SCHOOL DISTRICT AND HAS BEEN RETIRED FOR LESS THAN TWO YEARS. BOTH OF THESE QUESTIONS MUST BE ANSWERED AFFIRMATIVELY FOR THERE TO BE A VIOLATION OF 6-101.2.
THE SCHOOL DISTRICT'S CONTRACT WITH THE EX-ADMINISTRATOR IN QUESTION IS FOR THE POSITION OF CONSTRUCTION MANAGER. THEREFORE, TO ANSWER WHETHER THE CONTRACT WAS FOR CONSULTANT SERVICES, IT MUST BE DETERMINED WHETHER A CONSTRUCTION MANAGER IS CONSIDERED A CONSULTANT. TITLE 70 OF THE OKLAHOMA STATUTES DOES NOT DEFINE "CONSULTANT" AS IT IS USED IN SECTION 70 O.S. 6-101.2 OF THAT TITLE. "CONSULTANT" IS DEFINED IN 61 O.S. 61/61 O.S. 202 OF THE OKLAHOMA STATUTES. HOWEVER, BOTH OF THESE DEFINITIONS ARE IN THE CONTEXT OF CONSTRUCTION AND PUBLIC IMPROVEMENTS, AND BOTH DEFINITIONS ARE LIMITED BY LANGUAGE IN THE STATUTE TO ONLY APPLY TO "CONSULTANT" AS IT IS USED IN CERTAIN SECTIONS OF TITLE 61. THUS, THESE DEFINITIONS WILL NOT APPLY TO "CONSULTANT" AS IT IS USED IN 70 O.S. 6-101.2/25 O.S. 2 (1991).
WHERE THERE IS NO INDICATION THAT A WORD IS GIVEN AN UNCOMMON MEANING, WORDS USED IN A STATUTE ARE TO BE UNDERSTOOD IN THEIR ORDINARY SENSE. 25 O.S. 1. TO DETERMINE THE ORDINARY MEANING OF "CONSULTANT", IT IS HELPFUL TO LOOK AT THE DICTIONARY DEFINITION OF THE WORD. ONE DICTIONARY DEFINES "CONSULTANT" AS "ONE WHO GIVES PROFESSIONAL ADVICE OR SERVICES REGARDING MATTERS IN THE FIELD OF HIS SPECIAL KNOWLEDGE OR TRAINING." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY. UNABRIDGED, P. 490 (1981). THIS DEFINITION OF CONSULTANT CAN BE INTERPRETED BROADLY, AND IT DOES NOT PROVIDE A CLEAR MEANING OF "CONSULTANT" AS IT IS USED IN 70 O.S. 1991, 6-101.2. THEREFORE, WHETHER A PARTICULAR JOB CAN BE CATEGORIZED AS "CONSULTANT SERVICES" IS A QUESTION OF FACT.
THE SECOND QUESTION, WHETHER THE PERSON IN QUESTION HAS RETIRED AS AN ADMINISTRATOR OF THE SCHOOL DISTRICT AND HAS BEEN RETIRED FOR LESS THAN TWO YEARS, IS ALSO A QUESTION OF FACT. THE PROBLEM COMES NOT IN DETERMINING THE LENGTH OF A PERSON'S RETIREMENT, BUT IN DETERMINING THE DATE ON WHICH THE PERSON'S RETIREMENT BECOMES EFFECTIVE. THE DAY ON WHICH RETIREMENT BECOMES EFFECTIVE DEPENDS UPON THE FACTS AND CIRCUMSTANCES OF EACH RETIREE S CASE.
WHILE NOT NECESSARILY CONCLUSIVE, A SIGNIFICANT FACTOR IN DETERMINING A PERSON'S EFFECTIVE DATE OF RETIREMENT IS WHETHER THAT PERSON HAS RETIRED PURSUANT TO THE PROVISIONS OF THE OKLAHOMA TEACHER'S RETIREMENT SYSTEM ("OTRS"), 70 O.S. 17-101 ET SEQ. OTRS WAS CREATED TO PROVIDE A RETIREMENT SYSTEM FOR TEACHERS AND OTHER EMPLOYEES OF THE OKLAHOMA PUBLIC EDUCATION SYSTEM.
ACCORDING TO 70 O.S. 17-103 (1991), ALL CLASSIFIED PERSONNEL BECOME MEMBERS OF OTRS AS A CONDITION OF THEIR EMPLOYMENT. "CLASSIFIED PERSONNEL" IS DEFINED IN 70 O.S. 17-101, WHICH PROVIDES IN PERTINENT PART AS FOLLOWS:
 "CLASSIFIED PERSONNEL" SHALL MEAN ANY ADMINISTRATOR . . . WHOSE SALARY IS PAID WHOLLY OR IN PART FROM PUBLIC FUNDS."
THUS, THE ADMINISTRATOR IN QUESTION IS LIKELY A MEMBER OF OTRS. THE DATE ON WHICH A MEMBER'S RETIREMENT BECOMES EFFECTIVE FOR PURPOSES OF OTRS IS CERTAINLY SIGNIFICANT EVIDENCE OF THAT MEMBER'S RETIREMENT DATE FOR PURPOSES OF 70 O.S. 6-101.2.
OTRS IS UNDER THE MANAGEMENT OF A BOARD OF TRUSTEES WHICH HAS THE AUTHORITY TO ESTABLISH RULES AND REGULATIONS FOR THE ADMINISTRATION OF THE SYSTEM'S FUNDS AND FOR THE TRANSACTION OF THE SYSTEM'S BUSINESS. 70 O.S. 17-106(10). "RETIREMENT" IS DEFINED IN THE OTRS RULES AS "WITHDRAWAL FROM ACTIVE SERVICE, WITH A RETIREMENT BENEFIT IN LIEU THEREOF." OAC 715:10-17-1. THUS, THE OTRS HAS SERVICE RETIREMENT RULES WHICH, IF FOLLOWED BY THE MEMBER, TRIGGER THE INITIAL PAYMENT OF THE MEMBER'S RETIREMENT BENEFITS.
THE OTRS RULES WHICH GOVERNED A MEMBER'S EFFECTIVE RETIREMENT DATE DURING 1990-1991, PROVIDED:
 "D. DATE OF RETIREMENT 1. THE RETIREMENT DATE MAY BE DAY FOLLOWING THE ONE ON WHICH EMPLOYMENT CEASES. SUCH DATE IS DEPENDENT UPON WHEN THE RETIREMENT CONTRACT IS FILED. THE LAST DAY ON WHICH SERVICE IS RENDERED SHALL BE ACCEPTED AS THE LAST DAY OF EMPLOYMENT, WHEN SO CERTIFIED BY THE EMPLOYER. (THIS IS NOT NECESSARILY THE LAST DAY FOR WHICH THE MEMBER RECEIVES PAY.) IF EMPLOYMENT TERMINATES ON OR BEFORE THE TENTH (10TH) DAY OF THE MONTH, THE RETIREMENT DATE CAN BE THAT SAME MONTH. IF A MEMBER'S EMPLOYMENT TERMINATES AFTER THE TENTH (10TH) DAY OF THE MONTH, THE RETIREMENT DATE CAN BE THE FIRST DAY OF THE FOLLOWING MONTH. RULES AND PROCEDURES, TEACHER'S RETIREMENT SYSTEM OF OKLAHOMA, 1990-1991, SERVICE RETIREMENT RULE D, PP. 39-40. (EMPHASIS ADDED.)"
IN A.G. OPIN. 83-013 THE ATTORNEY GENERAL FOUND THAT IT WAS EVIDENT FROM THE FIRST SENTENCE OF THIS RULE THAT A "MEMBER'S LAST DATE OF EMPLOYMENT IS NOT EQUIVALENT TO HIS RETIREMENT DATE." RATHER, A MEMBER IS FREE TO CHOOSE AS HIS OR HER DATE OF RETIREMENT ANY DAY, SUBJECT TO MINOR LIMITATIONS, FOLLOWING THE LAST DATE EMPLOYMENT CEASES, AND THE RETIREMENT PLAN IS BINDING ON THAT DATE.
THE OTRS SERVICE RETIREMENT RULES WHICH WERE IN EFFECT DURING 1990-1991, ALSO PROVIDED:
"A. REQUIREMENTS
 1. APPLICATION. UNDER THE TEACHER'S RETIREMENT ACT, IT IS THE MEMBER'S RESPONSIBILITY TO NOTIFY THE OTRS BOARD OF TRUSTEES OF THE DATE ON WHICH RETIREMENT IS TO BEGIN. RULES AND PROCEDURES, TEACHER'S RETIREMENT SYSTEM OF OKLAHOMA 1990-1991, SERVICE RETIREMENT RULE A, P. 37."
THEREFORE, A MEMBER'S EFFECTIVE DATE OF RETIREMENT INSOFAR AS OTRS IS CONCERNED IS THE DATE WHICH HE SUPPLIED TO THE BOARD OF TRUSTEES PURSUANT TO THIS RULE. ONCE THE MEMBER'S EFFECTIVE RETIREMENT DATE IS DETERMINED, IT IS A SIMPLE MATTER OF ARITHMETIC TO DETERMINE WHETHER THE MEMBER HAS BEEN RETIRED FOR LESS THAN TWO YEARS.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT WHETHER A SCHOOL BOARD VIOLATED TITLE 70 O.S. 6-101.2 BY HIRING A RESIGNED ADMINISTRATOR AS A CONSTRUCTION MANAGER IS A QUESTION OF FACT WHICH DEPENDS UPON 1) WHETHER THE CONTRACT IN QUESTION IS FOR CONSULTANT SERVICES, AND 2) WHETHER THE PERSON IN QUESTION HAS RETIRED AS AN ADMINISTRATOR OF THE SCHOOL DISTRICT AND HAS BEEN RETIRED FOR LESS THAN TWO YEARS. BOTH OF THESE QUESTIONS MUST BE ANSWERED AFFIRMATIVELY FOR THERE TO BE A VIOLATION OF 6-101.2.
THE FIRST QUESTION, WHETHER THE CONTRACT IN QUESTION IS FOR CONSULTANT SERVICES, IS A QUESTION OF FACT. THE ANSWER DEPENDS UPON THE MEANING OF "CONSULTANT" AND WHETHER THE JOB CONTRACTED FOR REQUIRES THE PERFORMANCE OF SERVICES EQUIVALENT TO THOSE REQUIRED OF A CONSUL ANT. THE SECOND QUESTION, WHETHER THE PERSON IN QUESTION HAS RETIRED AS ADMINISTRATOR OF THE SCHOOL DISTRICT AND HAS BEEN RETIRED FOR LESS THAN TWO YEARS, IS ALSO A QUESTION OF FACT. THERE IS NO STATUTORY DEFINITION OF WHAT CONSTITUTES RETIREMENT FOR PURPOSES OF 6-101.2. ONE ELEMENT IN DETERMINING A PERSON'S EFFECTIVE RETIREMENT DATE IS WHETHER THAT PERSON HAS RETIRED PURSUANT TO OTRS PROVISIONS. IF THE PERSON HAS NOTIFIED OTRS OF THE DATE ON WHICH RETIREMENT IS TO BEGIN, THAT DATE IS MEANINGFUL EVIDENCE OF THE PERSON'S EFFECTIVE RETIREMENT DATE FOR PURPOSES OF 6-101.2. HOWEVER, THERE MAY BE A CASE IN WHICH AN ADMINISTRATOR HAS NOT RETIRED PURSUANT TO OTRS PROVISIONS BUT MAY STILL BE RETIRED FOR PURPOSES OF 6-101.2. THUS, THE QUESTION CANNOT BE ANSWERED AS A MATTER OF LAW BUT MUST BE RESOLVED BASED ON THE FACTS IN ANY GIVEN SITUATION.
(JULIE A. KRAMER)